UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODNEY K. KOEPKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MACRO PLASTICS INC., a<br>California corporation,<br><br>　　　　　Defendant. | NO. CV-11-3113-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REMANDING CASE TO YAKIMA COUNTY SUPERIOR COURT** |

　　　Before the Court, without oral argument, is Plaintiff Rodney Koepke's Motion for Leave to File First Amended Complaint, ECF No. 7. After reviewing the submissions of the parties, the record in this matter, and applicable authority, the Court is fully informed. For the reasons discussed below, the Court grants Mr. Koepke's motion and remands this case to the Yakima County Superior Court.

**I.　Background**

　　　This matter arises out of the August 10, 2010 termination of Mr. Koepke's employment with Macro Plastics. Mr. Koepke had filed a workmen's compensation claim with the Washington State Department of Labor and Industries due to carpel tunnel syndrome in both of his wrists, and was approved for "light duty" with certain workplace accommodations.

　　　Mr. Koepke filed the Complaint in this matter in Yakima County Superior Court on October 12, 2011, alleging a common law tort claim for

ORDER ~ 1

wrongful discharge and claims for disability discrimination under RCW 49.60.030, 49.60.180(2) & (3), 49.60.120, and 49.60.210. ECF No. 1. On November 14, 2011, Macro Plastics removed the matter to this Court, asserting that the Court had jurisdiction to hear the case under 28 U.S.C. § 1332, the diversity jurisdiction statute.

Mr. Koepke filed the instant motion for leave to amend on February 29, 2012. ECF No. 7. Mr. Koepke seeks leave to amend in order to add claims against Pete Morton, a manager for Defendant Macro Plastics. Macro Plastics objects to Mr. Koepke's motion, arguing that Mr. Koepke seeks to add Mr. Morton for the sole purpose of destroying diversity jurisdiction and that the proposed amended complaint fails to state a cognizable claim against Mr. Morton under the Washington Law Against Discrimination. The parties agree that Mr. Morton is a Washington resident, and that if Mr. Koepke is permitted to amend his Complaint, the Court will no longer have jurisdiction over Mr. Koepke's state law claims.

**II. Analysis**

A party may amend their complaint after a responsive pleading has been served "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the

leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under 28 U.S.C. § 1447, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The decision regarding joinder of a diversity[-]destroying-defendant is left to the discretion of the district court. . ." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In determining whether to exercise discretion to permit the joinder of non-diverse parties, district courts generally consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. Rule Civ. Proc. [sic] 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. Other factors . . . include; (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action.

*Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011) (quoting *Oum v. Rite Aid Corp.*, No. CV 09-7741-GHK, 2009 WL 151510 at *3 (C.D. Cal. Jan. 20, 2009)).

Here, Macro Plastics argues that Mr. Koepke is engaging in improper "forum-shopping," that is, intentionally attempting to defeat diversity jurisdiction so that this matter will be remanded to state court. Mr. Koepke responds that the refusal to allow him to amend "will deny him the

ORDER * 3

opportunity to pursue the full extent of his state law claims," and asserts that he will be forced to pursue a parallel state court action against Mr. Morton if leave to amend is denied. Mr. Koepke attributes his delay in seeking leave to name Mr. Morton as a Defendant to the fact that he only recently became aware of his claim against Mr. Morton upon receipt of Macro Plastics' response to his discovery requests. Mr. Koepke concedes that the statue of limitations would not bar his claims against Mr. Morton if leave to amend is denied, but argues that the remainder of the factors listed in *Hardin* favor granting leave to amend.

Under the circumstances, the Court finds plausible Mr. Koepke's explanation of the reason for delay, and finds that Mr. Koepke is not moving to amend for the sole purpose of defeating jurisdiction. Macro Plastics has presented no evidence in support of its argument that Mr. Koepke's motion to amend is motivated solely by a desire to manipulate the forum, and even if Mr. Koepke were forum-shopping, the authority Macro Plastics cites in support of its position does not mandate denial of Mr. Koepke's motion. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand. . . ."); *see also Newcombe*, 157 F.3d at 691 (noting district court's discretion to permit joinder of a non-diverse defendant). Furthermore, given the limited amount of discovery that has occurred and the fact that there has been no substantive activity in the case in this Court, the Court finds that Macro Plastics will not be unduly prejudiced by amendment. And while Mr. Morton is not a necessary

party to this action under Rule 19, the Court gives due regard to Mr. Koepke's stated desire to include claims against Mr. Morton in this lawsuit. Finally, the Court rejects Macro Plastics' argument that amendment would be futile because the proposed amended complaint does not allege sufficient facts to state a claim for relief. *See Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 358 (2001) (finding that RCW 49.60.040(3) permits claims for individual supervisor liability). Viewing these factors in light of the extreme liberality with which courts are to approach motions to amend pleadings, the Court finds good cause to permit Mr. Kopeke to amend the Complaint. Accordingly, the Court grants Mr. Koepke's motion for leave to amend; because Mr. Morton is a Washington resident, the Court lacks subject matter jurisdiction over this case and accordingly remands this matter to the Yakima County Superior Court.

**III. Conclusion**

For the reasons discussed above, **IT IS HEREBY ORDERED:**

1. Mr. Koepke's Motion for Leave to File First Amended Complaint, **ECF No. 7**, is **GRANTED.**

2. This matter is **REMANDED** to the Yakima County Superior Court of the State of Washington, Civil Cause No. 11-2-03652-8.

3. All pending hearings and deadlines are **STRICKEN**.

4. This file shall be **CLOSED.**

///
///
//
/

ORDER * 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to counsel, and provide a certified copy of this Order to the **Clerk of the Yakima County Superior Court of the State of Washington, Civil Cause No. 11-2-03652-8.**

**DATED** this ___3rd___ day of April 2012.

                         s/Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2011\3113.amend.lc2.wpd

ORDER * 6